UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM MARIE SIMS,

    Plaintiff,

v.    Case No. 16-11789

COMMISSIONER OF SOCIAL SECURITY,    HON. AVERN COHN

    Defendant.

_____/

# DECISION AFFIRMING DENIAL OF BENEFITS

## I.    INTRODUCTION

This is a Social Security case. Plaintiff Kim Sims (Sims) appeals a decision of the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits. Sims asserts physical impairments of multiple sclerosis (MS) and degenerative disc disease with radicular symptoms.

Sims is suing under 42 U.S.C. § 405(g) seeking reversal of the Commissioner's decision. Sims filed a motion for summary judgment, (Doc. 16). The Commissioner filed a cross motion for summary judgment, (Doc. 19). The motions were referred to a magistrate judge who reported and recommended, (Doc. 20), that the Court deny Sims's motion, grant the Commissioner's motion, and affirm the denial of benefits. Sims objected, (Doc. 21), and the Commissioner responded, (Doc. 22).

The Court has considered the report and recommendation (R&R) and Sims's objections, and conducted a *de novo* review of the record regarding the objections. The Court agrees with the magistrate judge's conclusions and reasoning.

## II. DISPOSITION

Sims's objections to the R&R, (Doc. 21), are OVERRULED, the R&R, (Doc. 20), is ADOPTED, Sims's motion for summary judgment, (Doc. 16), is DENIED, the Commissioner's motion for summary judgment, (Doc. 19), is GRANTED, and the agency's denial of benefits is AFFIRMED.

## III. FACTS AND PROCEDURAL HISTORY

Sims does not object to the R&R's recitation of the facts and procedural history. (Docs. 20, 21). The Court incorporates the report as its findings and conclusions. (*See* Doc. 20).

## IV. PENDING MOTIONS

Sims seeks review of the agency's determination of her residual functional capacity (RFC) to perform sedentary work with restrictions. Sims challenges the Administrative Law Judge (ALJ)'s decision not to accord significant weight to the opinion of Dr. Martin Belkin, her treating neurologist of 10 years, as to her functional limitations.

Sims says the ALJ (1) wrongly inferred from Dr. Belkin's treatment notes that her symptoms of fatigue and pain were minor because they were managed by medication "as needed," (2) incorrectly construed Dr. Belkin's notations that her MS was clinically "stable" to mean it was not debilitating, and (3) failed to consider factors supporting Dr. Belkin's functional assessment such as length of treatment and his specialization.

## V. STANDARD OF REVIEW

### A. R&R Objections

The Court must review *de novo* parts of an R&R to which a party objects. 28 U.S.C. § 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### B. Commissioner's Disability Determination

The Court reviews the agency's decision only to determine if "the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In doing so, the Court does not resolve conflicts in the evidence or questions of credibility. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## VI. R&R OBJECTIONS

In objecting to the R&R, Sims reiterates that the ALJ improperly failed to credit Dr. Belkin's opinion regarding her functional limitations. As reasons, Sims says the ALJ (1) incorrectly stated the treatment notes of her primary care physician, Dr. Seymour Weiner, did not document symptoms of extreme fatigue, and (2) minimized her complaints on which the assessment was based because they were unconfirmed by diagnostic tests (electromyogram, brain and spinal imaging, and physical examination).

## VII. DISCUSSION

### A.

Dr. Belkin's functional assessment (which deemed Sims able to sit or stand for 7 hours in an 8-hour workday) cited "longstanding" subjective complaints of Sims about

3

"extreme" fatigue and lower back and left leg pain. (AR at 250-51). Complaints of sustained, extreme fatigue were not in treatment notes of Dr. Weiner, only back and leg pain and, once, weakness and dizziness as part of a respiratory infection. (Exh. 5F).

**B.**

Dr. Belkin's treatment notes reflect that Sims's MS was clinically stable—neither improved nor worsened—and treated conservatively with medication. Sims's symptoms of fatigue and pain were treated with medication "as needed." Dr. Belkin's treatment notes reveal Sims had full muscle strength, steady gait, and normal brain imaging.

While Sims complained of left leg and lower back pain, there was "no electrodiagnostic evidence" of a neuromuscular defect. (AR at 209). There was "mild" degeneration in the discs of her lumbar spine that was unrelated to MS. (*Id.* at 224-25).

**C.**

The evidence on which the ALJ relied to discredit the functional assessment of Dr. Belkin was substantial, and the ALJ's reasons for doing so met the requirements of the regulation. *See* 20 C.F.R. §§ 404.1527(c)(2)-(5), 416.927(c)(2)-(5) ("We will always give good reasons in our . . . decision for the weight we give your treating source's medical opinion."); (Doc. 20 at 11-12); (AR at 19-20). Dr. Belkin's opinion was not consistent with treatment notes or clinical and diagnostic testing, and contradicted by the statements and activities of Sims.

SO ORDERED.

                                                                <u>s/Avern Cohn</u>
                                                                 AVERN COHN
                                                                 UNITED STATES DISTRICT JUDGE

Dated: June 22, 2017
       Detroit, Michigan